KM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Pedro Yimi Cardin Alvarez,

Petitioner,

v.

David Rivas, et al.,

Respondents.

No. CV-25-02943-PHX-GMS (CDB)

**ORDER**

Petitioner Pedro Yimi Cardin Alvarez, who is detained in the San Luis Regional Detention Center, filed, through counsel, a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee. The Court will require an answer to the Petition.

Petitioner is a native and citizen of Cuba who entered the United States on about February 9, 2022. Petitioner was detained by immigration officials and then issued an Immigration and Customs Enforcement (ICE) Form I-220A, Order of Release on Recognizance; and a Notice to Appear. On June 28, 2022, Petitioner submitted an I-589, Application for Asylum, Withholding of Removal, and Convention Against Torture. On August 31, 2023, Petitioner submitted an I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the Cuban Adjustment Act, because he is a Cuban national and was present in the United Stats for more than a year after being paroled pursuant to the I-220A. On March 26, 2024, United States Citizenship and Immigration Services (USCIS) issued a Notice of Administrative Closure of Petitioner's I-485, due to

Petitioner's pending proceedings before an Immigration Judge. Petitioner attended his scheduled hearings with the Executive Office for Immigration Review (EOIR).

On May 27, 2025, Petitioner attended his scheduled hearing before an Immigration Judge at the Miami Immigration Court in Miami, Florida. Instead of proceeding with Petitioner's application for asylum, the Department of Homeland Security (DHS) moved to dismiss the proceedings. Petitioner alleges that "on information and belief, in the courtroom there was an ICE agent dressed in civilian clothes, who ensured everyone whose case was dismissed was promptly arrested by ICE agents upon exiting the courtroom." After Petitioner exited the courtroom, he was arrested by ICE agents who "did not provide Petitioner with any process or counsel" or offer him an opportunity to be heard prior to arresting and detaining him.

On June 2025, Petitioner was moved to the San Luis Regional Detention Center. On June 16, 2025, Petitioner submitted a "pre-NTA Bond Redetermination Request" with the Imperial Immigration Court in Imperial, California. On July 2, 2025, an Immigration Judge denied the Bond Redetermination Request "because 'the Court lacks jurisdiction as Respondent is not currently in 240 removal proceedings." At the same hearing, DHS stated Petitioner would be placed in expedited removal proceedings. Petitioner states "there are no future hearings for [his] case, and [he] has yet to be placed in any removal proceedings since the dismissal of his original removal proceedings."

Petitioner names the following Respondents: San Luis Regional Detention Center Warden David Rivas, San Diego Field Office Director of ICE Enforcement & Removal Operations Gregory J. Archambeault, Acting Director of ICE Todd Lyons, DHS Secretary Kristi Noem, and United States Attorney General Pamela Bondi. Petitioner raises three grounds for relief.

In Count One, Petitioner claims violations of his Fifth Amendment procedural due process rights because "[i]n expedited removal, individuals receive no meaningful opportunity to challenge key issues such as admissibility, parole, or continuous physical presence." In Count Two, Petitioner claims his detention violates his Fifth Amendment

substantive due process rights because he is not a flight risk and has shown "consistent compliance with all reporting requirements and court appearances throughout the duration of his § 240 removal proceedings." In Count Three, Petitioner seeks release on bond during the pendency of these proceedings.

The Court will dismiss without prejudice Count Three. The relief requested in Count Three should be raised in a motion for a preliminary injunction, not as a ground for relief in the Petition. The Court will require Respondents to answer Counts One and Two of the Petition.

**IT IS ORDERED:**

(1) Count Three of the Petition is **dismissed without prejudice**.

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondents must answer Counts One and Two of the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Regarding courtesy copies of documents for chambers, the parties are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(5) Petitioner may file a reply within 10 days from the date of service of the answer.

(6) This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 21st day of August, 2025.

G. Murray Snow
Senior United States District Judge