# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Yimi Cardin Alvarez, | No. CV-25-02943-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| David Rivas, et al., | |
| Respondents. | |

Pending before the Court are Pedro Yimi Cardin Alvarez's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1), United States Magistrate Judge Bibles's Report & Recommendation ("R&R") (Doc. 26), and Respondents' Objections to the R&R (Doc. 27). The R&R is accepted in part, as described below, and Petitioner's Petition for Writ of Habeas Corpus is granted as to Count One and is otherwise denied.

The R&R recommends that the Petitioner's detention pursuant to an order of expedited removal violated both his procedural and substantive due process rights under the United States Constitution; that the Petition be granted forthwith; Petitioner be immediately released from detention; and that Respondents vacate the order of expedited removal and return Petitioner to removal proceedings pursuant to section 240 of the Immigration and Nationality Act, and to re-open proceedings on the merits of Petitioner's application for asylum and for adjustment of status pursuant to the Cuban Adjustment Act. (Doc. 26 at 39). The R&R further recommends that Respondents shall not re-detain Petitioner absent a pre-deprivation hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 39-41).

Federal Rule of Civil Procedure 72(b) provides that "a party may . . . file *specific* written objections to the" R&R, and that the "district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(2), (b)(3). The purpose of Congress's express authorization for district judges to refer matters to magistrate judges was "to give district judges 'additional assistance'" in dealing with heavy caseloads. *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Under this authorization, district judges need only "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "This efficiency would be lost if parties were permitted to invoke the de novo review of the district court merely by interposing non-specific objections to the magistrate's R & R," forcing the district judge to "duplicat[e] the work of the magistrate judge." *Gutierrez v. Flannican*, No. CV-05-3981, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006).

As such, federal courts have consistently held that when an issue is not specifically referenced, "[a] general objection to the entirety of the magistrate's report has the same effect[] as would a failure to object." *Howard v. Sec. of Hum. & Health Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *e.g.*, *Goney v. Clark*, 749 F.2d 5, 7 (3rd Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005, at *2 (D. Ariz. May 30, 2006).

Here, the Court agrees with the R&R's ultimate conclusion that Petitioner's present immigration detention is unlawful, his Petition should be granted on that basis, and he must be immediately released from detention. On this point, Respondents do not offer specific objections.

Instead, Respondents "maintain that the Petition and other relief claimed should be denied and incorporate by reference their Response to the Petition for Writ of Habeas Corpus," in an attempt "to preserve all defenses stated in the Response." (Doc. 27 at 1). That is not an appropriate objection. Indeed, Respondents' only "*specific* written

objections," Fed. R. Civ. P. 72(b)(2), are to (1) the recommendation for a pre-detention hearing; (2) the finding that Petitioner did not have "a statutory obligation to express a credible fear and request a credible fear interview in expedited removal proceedings; and (3) the R&R's improper forays beyond the record. (*Id.* at 2, 4, 6).[1]

In other words, Respondents assert no *specific*, *properly* raised objections to the substantive determination that Petitioner's current detention is unconstitutional. Because the remaining recommendations relate to claims or issues beyond the scope of the Petition, the Court will reject them. But those ancillary recommendations have no bearing on the constitutionally of Petitioner's current detention. As such, the Court accepts the R&R in part as described above and denies any relief not specifically granted below.

**IT IS THEREFORE ORDERED** the Report and Recommendation is ACCEPTED in part and REJECTED in part. Respondents' Objections are sustained as described herein and otherwise overruled to the extent Respondents did not advance specific objections to the R&R's underlying conclusion that Petitioner's present detention is unlawful.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** that Respondents must provide a Notice of Compliance within three days of releasing petitioner.

**IT IS FURTHER ORDERED** that the recommendation regarding the process for re-detaining Petitioner is **REJECTED** as beyond the scope of the Petition.

///

///

///

---

[1] Respondents request more time to respond to the R&R in light of the government shutdown (Doc. 27 at 1-2) but offer no assurances that further action will not be taken against Petitioner during the shutdown. The request is, therefore, denied.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in accordance with this Order and terminate this action.

Dated this 10th day of October, 2025.

*G. Murray Snow*
G. Murray Snow
Senior United States District Judge